The Honorable Betty C. Dickey Prosecuting Attorney Jefferson County Courthouse 100 West Barraque Pine Bluff, Arkansas 71601
Dear Ms. Dickey:
This is in response to your request for an opinion on the following three questions:
 1. Is a campus dormitory a residence for purposes of precinct assignment under Act 930 of 1995?
 2. Is a motel/hotel room a residence for purposes of precinct assignment under Act 930 of 1995?
 3. Is it proper for a COBRA option to be extended to Justices of the Peace who have participated in County health and dental insurance programs?
Act 930 of 1995, which became effective January 1, 1996, amended A.C.A. § 7-5-201(a) (Repl. 1993) to require voter registration thirty, rather than twenty, days prior to an election, and to provide that a person generally is eligible to vote only in the county in which he resides on the date that is thirty-one, rather than twenty-one, days prior to an election. The act also amended A.C.A. § 7-5-201(b) (Repl. 1993) to read as follows:
 Residency shall generally be that place where one lives and works for a period of time, notwithstanding that there may be an intent to move or return at some future date to another place. Persons who are temporarily living in a particular place because of a temporary work-related assignment or duty post, or as a result of their performing duties in connection with their status as military personnel, students, or office holders, shall be deemed residents of that place where they established their home prior to beginning such assignments or duties. No person may be qualified to vote in more than one (1) precinct of any county at any one (1) time.
The only change made by the act to this subsection was the addition of the words "precinct of any" to the last sentence.[1]
In my opinion, a campus dormitory might be a residence for purposes of A.C.A. § 7-5-201(a), depending upon the facts and circumstances of the case. Many students living in campus dormitories probably are there only temporarily, as described by the second sentence of A.C.A. § 7-5-201(b), and therefore would be deemed to be residents of the places where they established homes prior to becoming students. The facts of a particular case might, however, indicate that a person resides, for purposes of A.C.A. § 7-5-201(a), in a dormitory. Such might be the case, for instance, with respect to a person who is not a student, such as a resident adviser or "houseparent," or a student who has, in fact, become a bona fide resident of the place where the dormitory is located and whose presence therefore is not temporary. See Ptak v. Jameson,215 Ark. 292, 220 S.W.2d 592 (1949).[2]
In my opinion, a motel or hotel room might or might not be a person's residence for purposes of A.C.A. § 7-5-201(a), depending upon the facts and circumstances of each case. A person living for some period in a motel or hotel room might be described by the first sentence of A.C.A. §7-5-201(b), or by the second sentence, and the room therefore might or might not be the person's residence.
With respect to both your first and second questions, it is my opinion that the nature or dominant use of the structure in which a person lives is mostly or wholly irrelevant to whether the person is a resident of the precinct in which the structure is located. Instead, the first and second sentences of A.C.A. § 7-5-201(b) and applicable case law should be consulted when one must determine the residence of a person who appears to be living at a place on a less-than-permanent basis.
With respect to your third question, I note that the Jefferson County Quorum Court recently filed a "Petition for Declaratory Judgment and Exparte Injunctive Relief" which appears to raise, among others, the issue that is at the heart of your third question. Jefferson CountyQuorum Court v. Legislative Joint Auditing Committee, Division ofLegislative Audit, No. E-95-2250-2 (Jefferson County Chancery January 4, 1996). It is this office's longstanding policy not to issue opinions with respect to matters that are the subject of pending litigation, and I must therefore decline to issue an opinion in response to your third question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The act also amended A.C.A. § 6-14-108 (Cum. Supp. 1993) to provide that individuals who have registered to vote at least thirty, rather than twenty, days before a school election are deemed qualified electors of the school district in which they reside.
[2] The word "temporarily" in the second sentence of A.C.A. § 7-5-201(b) must be given effect. A state may impose reasonable residency requirements upon voters, but it may not deny persons who are bona fide
residents the right to vote on the basis of their status as soldiers, or students or their residence in barracks or a dormitory. Carrington v.Rash, 380 U.S. 89 (1965) (status as military personnel); Williams v.Salerno, 792 F.2d 323 (2nd Cir. 1986) (residence in a dormitory). InCarrington, the Court struck down, on equal protection grounds, a Texas law providing that a member of the armed forces who moved to Texas after joining the military could not vote in Texas for so long as he or she remained in the military. In my opinion, the Court's reasoning would apply equally to a law purporting to prohibit students from establishing voting residence, regardless of the circumstances, in the localities of their colleges or other schools.